UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00034 |
| Plaintiff, | JUDGE EDMUND A. SARGUS, JR. |
| vs. | |
| PASCUAL SOLIS-ARCOS, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in connection with Pascual Solis-Arcos's upcoming sentencing hearing.

**Background**. On January 18, 2025, Dublin Police officers were dispatched to a local Red Roof Inn on a report of an alleged sexual assault. Officers responded and arrested the defendant, Pascual Solis-Arcos. On January 28, 2025, the defendant was indicted for Kidnapping and two counts of Gross Sexual Imposition in Franklin County Common Pleas Court. Law enforcement then learned that Solis-Arcos was illegally in the United States; he had been previously ordered removed, and he had not obtained the proper permission from the Attorney General to reapply for admission to the United States. On March 3, 2025, a proposed one-count information was filed, which charged the defendant with Illegal Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a). On March 21, 2025, the defendant pled guilty to Count One of the information. On April 22, 2025, the Probation Office issued a final presentence investigation report (PSR). Sentencing is scheduled for May 21, 2025, at 1:30 p.m.

**Standard.**  After *Booker v. United States*, 543 U.S. 220 (2005), district courts must engage in a three-step sentencing procedure.  Courts must first determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range—along with all the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose.  The central command in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in § 3553(a).

**The Guideline Range.**  The Probation Officer calculated a Total Offense Level of 4 and a Criminal History Category of I, resulting in a guidelines range of 0–6 months of imprisonment.  (Doc. #: 25 at 53.)  Neither party has objected to those calculations, so the Court should adopt them.  The Government agrees with the Probation Officer that no departures are warranted.

**Analysis.**  The nature and circumstances of the offense, in general, are serious, in that the Government takes illegal immigration crimes seriously.  Prior to this offense, the defendant's conduct appears to have been on the less serious end of the illegal-reentry cases the Government brings.  However, one aspect of the defendant's case is aggravating.  The officers who were dispatched to the Red Roof Inn on January 18, 2025, were called on a report of a woman being sexually assaulted by two men.  The officers on scene found that Solis-Arcos had been drinking, and that there was a 4-year-old on site affiliated with the woman who made the sexual-assault complaint.  Solis-Arcos's conduct on this front does make this case more serious, and does implicate the Government's interest in promotion for respect of the law, deterrence, and protection of the public.

**Conclusion.** For these reasons, the United States respectfully requests a sentence of incarceration within the Guidelines, followed by a one-year term of supervised release.

Respectfully Submitted,

KELLY A. NORRIS
Acting United States Attorney

s/S. Courter Shimeall
S. COURTER SHIMEALL (0090514)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715
Email: Courter.Shimeall@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum was served electronically on all counsel of record on May 9, 2025.

s/S. Courter Shimeall
S. COURTER SHIMEALL (0090514)
Assistant United States Attorney